946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan BOURNE, Defendant-Appellant.
 No. 90-5522.
 United States Court of Appeals, Fourth Circuit.
 Argued July 11, 1991.
Decided Oct. 21, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CR-90-68-A)
 Argued: Lloyd Foster Sammons, Sammons & Smith, Alexandria, Va., for appellant; Karen Marie Quesnel, Tax Division, United States Department of Justice, Washington, D.C., for appellee.
 On Brief: Shirley D. Peterson, Assistant Attorney General, Robert E. Lindsay, Alan Hechtkopf, Tax Division, United States Department of Justice, Washington, D.C., Henry E. Hudson, United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Alan Bourne was convicted by a jury of two counts of income tax evasion for his willful failure to pay taxes for the years 1983 and 1984 in violation of 26 U.S.C. § 7201 (1988). He was sentenced to ten months imprisonment on each count, to run concurrently. On appeal he raises ten separate errors covering virtually every aspect of his trial. On careful review of each of his arguments, we find them without merit and affirm his conviction.
 
 
 2
 During 1983 and 1984, Bourne owned a number of companies. The records maintained by these companies were few and grossly inadequate for almost any purpose. He commingled the income of these companies, and from the commingled funds, he paid many personal living expenses without reporting the payments as income for tax purposes. As he acknowledged at trial, the various company accounts were used as his own "business and personal super slush" fund.
 
 
 3
 In proving Bourne's income for the years 1983 and 1984, the government used the net-worth-plus-personal-expenditures method of proof. It showed the increase in the defendant's net worth over the period, established a source of income which probably caused the increases, determined the amount of personal expenditures made by Bourne, and accounted for nontaxable sources of income to Bourne. The product of these factors was summarized by the government in computer generated charts from which the taxes due were computed.
 
 
 4
 Bourne's principal arguments relate to the refusal of the district court to appoint a tax accountant to assist his counsel in preparing a response to the government's report and to postpone the trial to permit this analysis. He argues:
 
 
 5
 Defense counsel was presented with a situation where he was appointed to a tax case with volumes of discovery including computer summaries totaling over one thousand pages by the Government's own estimate. J.A. 38. It was simply a Herculean task to review, sort and analyze this material in a relatively short space of time.
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 The net effect of placing a burden on appointed defense counsel as described above was to deny the Defendant an opportunity to "play on an even field."
 
 
 9
 Bourne, however, failed to make any showing as to why a tax consultant was necessary other than to perform tasks of reviewing documents and determining whether the summaries were supported by the documents, tasks which are equally suitable for his counsel to perform. In his brief, Bourne suggests that a tax consultant could have explained the tax code to counsel, who was not experienced in the tax laws, and assisted counsel to prepare cross-examination of the government's witnesses. Again, the record does not suggest that counsel was unable to acquaint himself with the tax code, and preparation for cross-examination is a task suitable for performance by Bourne's appointed counsel. At trial neither he nor his counsel made any suggestion that counsel was not prepared. On the contrary, when at the threshold of trial the district court invited counsel to raise any preliminary matters, counsel for Bourne replied that he had nothing to raise. J.A. 80.
 
 
 10
 The determination of whether the defendant is entitled to the appointment of an expert for assistance in the defense of a case rests within the sound discretion of the district court. See Williams v. Martin, 618 F.2d 1021, 1026 (4th Cir.1980); United States v. Moss, 544 F.2d 954, 961 (8th Cir.1976), cert. denied, 429 U.S. 1077 (1977). In this case there is no demonstration that the court abused its discretion. The tax principles applied at trial are not difficult ones and are familiar to any person who has filed tax returns. The allegation by the government was simply that various corporations controlled by Bourne paid Bourne's personal expenses for which Bourne did not account by reporting the amounts as income. While the government may have produced a significant stack of paper in discovery, Bourne's counsel has not demonstrated that this denied him an ability to prepare for trial or caused his client any prejudice.
 
 
 11
 The remaining argument pressed by Bourne in oral argument rests on the explanation that his failure to pay taxes was simply the product of sloppy record keeping and ignorance of legal requirements. He argues that the specific intent required for a criminal violation of the tax laws was not demonstrated. The most that was shown, he contends, was "imprudent or spendthrift conduct."
 
 
 12
 The burden rests on the government to prove beyond a reasonable doubt that Bourne acted willfully in evading taxes. The term "willfully" as used in the Internal Revenue Code means the "voluntary, intentional violation of a known legal duty." United States v. Pomponio, 429 U.S. 10, 12 (1976); Cheek v. United States, --- U.S. ----, 111 S.Ct. 604, 610 (1991). When reviewing the evidence to determine whether the government met its burden, we must view it in the light most favorable to the government and inquire whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 13
 In this case, there was evidence from which a reasonable jury could conclude that Bourne willfully evaded the payment of taxes for 1983 and 1984. Evidence was presented that he commingled funds, used funds from business accounts for his personal expenditures, and diverted receipts from other companies to the Conestoga Tire Company to use for personal expenses. He used false Social Security numbers under which he received financing for a Rolls Royce and other items and applied for tax-exempt status as a minister for tax avoidance purposes. Evidence was presented that he directed one of his employees to miscategorize corporate accounts. Although Bourne was aware of his obligation to file tax returns, he filed none from 1981 to 1984. In May of 1990 he did file returns for 1983 and 1984 in which he reported no taxable income, even though he knew he had tax liability. Finally, witnesses testified that Bourne told them he did not pay income taxes and would do whatever was necessary to keep from paying his taxes, including becoming a mail-order minister. It was claimed that Bourne said, "[I]t's a shame the way the American people are duped into paying taxes." We find this evidence ample to support a jury's finding of willfulness.
 
 
 14
 On Bourne's remaining charges of error, we have carefully reviewed the record and the briefs submitted by counsel and conclude that the arguments Bourne makes are without merit. Accordingly, the judgment of the district court is affirmed.
 
 
 15
 AFFIRMED.